## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (District of Columbia Circuit)

**TRINA CONGRESS**
1709 Quarter Avenue
Capitol Heights, Maryland  20743

        Plaintiff,

v.

**DISTRICT OF COLUMBIA**

        Defendant.

**Serve on**:

OFFICE OF THE MAYOR OF
THE DISTRICT OF COLUMBIA
Civil Litigation Division
Darlene Fields, Gale Rivers
441 4th Street, NW Suite 600 South
Washington, DC 20001

and

Karl A. Racine, Esq.
Attorney General of
the District of Columbia
441 4th Street, N.W.
Suite 600 South *(Civil Litigation Division)*
Washington, D.C.  20001

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Trina Congress, by and through her undersigned counsel,

Jolly A. Anaba, Esq., submits her complaint against the District of Columbia Government

through the Office of the Mayor of the District of Columbia, hereinafter referred to col-

lectively as ("Defendant"),  jointly, severally, and vicariously, for unlawful employment

practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

1

section 12101, *et seq.* ("Americans With Disabilities Act"), as amended, 29 U.S.C. sections 701, 710, *et seq.* (the Rehabilitation Act), and the District of Columbia Human Rights Act, section 2-1401.01, *et seq.* ("DCHRA").

## JURISDICTION AND VENUE

1. Pursuant to Title VII of the Civil Rights Act of !964, as amended, the EEOC reviewed the charges of discrimination filed by Plaintiff, and found cause to open a formal investigation. Defendant did not attempt to resolve the entire matter throughout the entire process particularly by declining to at any time participate in the mediation process. Although, on October 14, 2016, the EEOC denied Ms. Congress complaint and alleges that it issued to Plaintiff a *Right To Sue Letter* on that date, Plaintiff never, in fact, received any such alleged timely mailing EEOC at that time. In fact, it was not until January 23, 2017 that Plaintiff was finally able to physically obtain a copy of EEOC's said dismissal of her Complaint and notice of her right to sue, with Plaintiff having to actually physically visit the EEOC office in order to actually obtain said documentation.

2. This Court has subject matter jurisdiction under 28 U.S.C. section 1331. This action is authorized pursuant to section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e- *et seq.,* section 102 of the Civil Rights Act of 1991, 42 U.S.C. section 1981 (1991).

3. This Court has supplemental subject matter jurisdiction of pendant state law claims under 28 U.S.C. section 1367.

4. The employment practices alleged to be unlawful were all committed within the jurisdiction of the United States District Court for the District of Columbia.

5. This Court has jurisdiction over Defendant pursuant to 15 U.S.C. sections 4 and

15.

6.   Venue is proper as to Defendant pursuant to 15 U.S.C. sections 5 and 15.  And as to all parties pursuant to 28 U.S.C. section 1391.

7.   All conditions required prior to filing have been performed or have occurred.

8.   Plaintiff is a resident of the State of Maryland.

9.   The District of Columbia Government, as the governing body of the  jurisdiction of the District of Columbia, through its departmental administrative entities and its agents, servants, and employees, at all times pertinent hereto, did vicariously, jointly, severally, and directly supervise all operations of the District of Columbia Public School system.

10.   The District of Columbia Public School system is an executive agency and department of the District of Columbia Government, with the District of Columbia being fully, jointly, severally, and vicariously responsible for the conduct and actions of all District of Columbia Public School employees, agents, servants, and/or independent contractors acting during and/or within the course of their employments and/or agencies with said D.C. Public School system.

## STATEMENT OF CLAIMS

11.   On December 5, 2011, Plaintiff was hired by the District of Columbia Public Schools as an Education Aide (Teacher's Aide).  At the time of her hiring, and at all times subsequent, Defendant were all well aware that: (1) Plaintiff was never hired as, or certified to be, a teacher, and (2) Plaintiff had made it perfectly clear at the time of her hiring that Plaintiff had at that time pre-existing nerve damage to her entire back, feet, shoulder, hands, and hips.

3

12. Commencing in September, 2013, and despite the fact that he was well aware of Plaintiff's disability, Plaintiff's immediate supervisor at the school, Mr. Abdullah Zaki and his co-workers and/or subordinates began denying Plaintiff reasonable accommodation, pursuant to law, regarding her said disabilities, by unlawfully refusing to permit Plaintiff use of an elevator key so she could avoid the necessity of having to constantly climb up and down stairs.

13. Further, despite the fact that every employee at that school knew from the very beginning of Plaintiff's employment at that facility that she possessed a disability parking placard which she used each day to park in a handicapped space, every employee at that school (including Mr. Zaki, Plaintiff's immediate supervisor - hostilely contending that "it wasn't his job") made certain that they willfully and illegally occupied every open disability space (while possessing no disability placards), despite the fact it was, in fact, as a matter of law, that school's responsibility to make every reasonable attempt to accommodate Plaintiff's disabilities.

14. In October, 2014, Plaintiff complained to the Union (Defendant's Labor Management and Employee Relations (LMER) team that Defendant's actions in constantly forcing Plaintiff to "cover" classes (in effect, "teach") classes, despite the fact that she was only a teacher's aide, *not* a certified teacher, was *illegal*.

15. Thereafter, and suddenly, on November 10, 2014, after her complaints to the LMER team (Union representatives), Plaintiff was informed by an "investigator" that she would again be the target of a then-closed "residency fraud" allegation regarding her Maryland residency (***a matter which Defendant itself admits it closed on July 22, 2013***, but now, suspiciously, decided to "reopen."

4

16.  Subsequently, on January 29, 2015, Plaintiff's aforesaid disabilities - *all of which she informed Defendant and its staff when she was first hired* - were again severely aggravated when Plaintiff on that date was severely physically attacked and hit very hard on the back of her neck by a special education student (with all of the aforementioned being well known at all times pertinent by all of Plaintiff's co-workers, including her said immediate supervisor, Abdullah Zaki).

17.  However, at all times thereafter, Mr. Zaki refused to sign Plaintiff's necessary paperwork required for her to obtain her medications as a result of her said pre-existing injuries and her additional suffered on January 29, 2015.  In fact, it was not until May 5, 2015 when Mr. Zaki finally relented and told Plaintiff that he would finally sign the documents Plaintiff needs for her medications.

18.  However, on May 6, 2015, the very next day after Zaki "promised" to sign Plaintiff's disability paperwork for her medications, Plaintiff was immediately discharged pursuant to her alleged "residency dishonesty" case - *which "case" Defendant itself had decided and closed in April, 2013* - and with Mr. Zaki still having failed and refused, to this date, to keep his promise to sign Plaintiff's necessary documents to receive her medications, and with Plaintiff, without her completed documents, still being unable to receive her required medications.

19.  The constant, derogatory, insulting, discriminatory, hostile work environment, and retaliatory treatment suffered by Plaintiff at the hands of Mr. Zaki, and his friends, coworkers, and acquaintances due to: (1) her ongoing physical disabilities, and (2) Plaintiff's complaint's to the Union about being constantly and unlawfully forced to "cover" (teach) both regular and special education classes directly and proximately

5

caused Plaintiff to suffer severe depression, anxiety disorders, and other ongoing and newly resulting, ongoing, and extremely severe economic, mental, emotional, and physical damages.

## COUNT I
### (Disability Discrimination in Violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. Section 12101, *et seq.*, as amended, The Rehabilitation Act ("The Rehab Act"), 29 U.S.C. Sections 701, 710, *et seq.*), and The District of Columbia Human Rights Act ("DCHRA"), Section 2-1401.01, *et seq.*

20.   COMES NOW Plaintiff, Trina Congress, by and through her undersigned counsel, Jolly A. Anaba, Esq., sues Defendant, District of Columbia, hereby incorporates all of the foregoing paragraphs as fully as if made again originally, and she further states:

21.   Defendant has discriminated against Plaintiff by denying her reasonable accommodation for her disabilities, thereby directly causing Plaintiff to suffer severe occupational stress and all other injuries stated and related thereto, in violation of the Americans With Disabilities Act, The Rehabilitation Act, and The District of Columbia Human Rights Act.

22.   Defendant has conducted itself intentionally, deliberately, willfully, and in callous disregard of Plaintiff's rights.

23.   By reasons of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available pursuant to all applicable law.

WHEREFORE, Plaintiff requests that this Honorable Court award her:

(a)  The sum of Two-Million ($2,000,000.00) in compensatory damages suffered because of the discrimination and retaliation.

(b)  Costs and reasonable attorney fees incurred with this lawsuit with interest thereon; and,

6

(c) Other and further damages and relief as deemed just.

## COUNT II
### (Retaliation and Reprisal for Engaging In Protected Activities)

24. COMES NOW Plaintiff, Trina Congress, by and through her undersigned counsel, Jolly A. Anaba, Esq., sues Defendant, District of Columbia, hereby incorporates all of the foregoing paragraphs as fully as if made again originally, and she further states:

25. The conduct of Defendants and its agents, servants, and employees as alleged above constitutes retaliation against because she engaged in actions (including Plaintiff's complaints to union representatives) protected by Title VII, the ADA, the Rehabilitation Act, and the D.C. Human Rights Act. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

WHEREFORE, Plaintiff requests that this Honorable Court award her:

(a) The sum of Two-Million ($2,000,000.00) in compensatory damages suffered because of the discrimination and retaliation.

(b) Costs and reasonable attorney fees incurred with this lawsuit with interest thereon; and,

(c) Other and further damages and relief as deemed just.

## COUNT III
### (Hostile and Abusive Working Environment

26. COMES NOW Plaintiff, Trina Congress, by and through her undersigned counsel, Jolly A. Anaba, Esq., sues Defendant, District of Columbia, hereby incorporates all of the foregoing paragraphs as fully as if made again originally, and she further states:

27. The conduct of Defendant and its servants, employees, and/or agents, as

7

alleged above, constitute hostile and abusive working environments in clear violation of Title VII, the Americans With Disabilities Act, and the Rehabilitation Act. The stated reasons for the conduct of Defendant and its agent, servants, and/or employees were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

WHEREFORE, Plaintiff requests that this Honorable Court award her:

(a) The sum of Two-Million ($2,000,000.00) in compensatory damages suffered because of the discrimination and retaliation.

(b) Costs and reasonable attorney fees incurred with this lawsuit with interest thereon; and,

(c) Other and further damages and relief as deemed just.

## JURY DEMAND

Plaintiff requests trial to a jury on all claims allowed by law.

Respectfully submitted,

Jolly C. Anaba, Esquire, Bar# 484143
The Law Office of Jolly C. Anaba
8209 Fenton Street, Suite 3
Silver Spring, MD  20910
Ph: 240-450-2700, Fax: 301-588-5580
E-mail: anabaj@juno.com
*Plaintiff's Counsel*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of May, 2017, a copy of the foregoing

Plaintiffs' Complaint was filed with the Clerk of Court via the CM/ECF system, to be

served by private process service on Defendant as follows:

OFFICE OF THE MAYOR OF
THE DISTRICT OF COLUMBIA
Civil Litigation Division
Darlene Fields, Gale Rivers
441 4th Street, NW Suite 600 South
Washington, DC 20001

Office of the Attorney General
For the District of Columbia
Darlene Fields, Tonia Robinson,
Gale Rivers, Sam Kaplan, or George Valentine
441 4th Street, NW 6th Floor South
Washington, DC 20001

        Jolly C. Anaba, Esquire, Bar# 484143
        Law Office of Jolly C. Anaba
        8209 Fenton Street
        Suite 3
        Silver Spring, MD  20910
        Ph: 240-450-2700,
        Fax: 301-588-5580
        E-mail: anabaj@juno.com
        *Plaintiffs' Counsel*